UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARY R. PEREZ, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2554 JAM CKD PS<br><br><br>ORDER |

On October 18, 2017, the court held a telephonic hearing on plaintiff's motion for Rule 37 sanctions against remaining defendant Perez. (ECF No. 31.) Plaintiff was represented by attorney Sara Gunderson, and the pro se defendant did not appear.

The background of this motion is as follows:

After a June 7, 2017 status conference in which Perez did not appear, the court set a June 21, 2017 deadline for initial disclosures. (ECF No. 24.) Plaintiff served his initial disclosures on April 21, 2017, but defendant did not serve any disclosures or respond to meet and confer attempts. (ECF No. 26-1.) On June 8, 2017, the court issued an Order to Show Cause why defendant should not be sanctioned "for failing to litigate this action." (ECF No. 23.) Defendant did not respond. Ruling on plaintiff's motion to compel, on August 17, 2017 the court ordered defendant to serve initial disclosures no later than August 31, 2017. (ECF No. 30.) To date, defendant has not responded.

In the instant motion, plaintiff seeks evidentiary sanctions "as a result of Defendant's complete and total failure to comply with the Court's August 17, 2017 order." (ECF No. 31-1.) Specifically, plaintiff seeks an order prohibiting defendant from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. In the alternative, plaintiff seeks an order striking defendant's answer and entering default judgment.

Under Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this action, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Under Rule 37(b)(2)(C), instead of or in addition to the orders above, the court must order the disobedient party or his attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, in addition to evidentiary sanctions, plaintiff seeks an order requiring defendant to pay $525.00, the cost of drafting the instant motion.

Good cause appearing, the court will partially grant plaintiff's motion and impose monetary sanctions on defendant Perez. In lieu of evidentiary sanctions, the court will advise defendant that failure to comply with the instant order will result in his answer being stricken and default judgment entered.

////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 31) is partially granted as to monetary sanctions and denied as to evidentiary sanctions at this time; and

2. Defendant Perez must pay $525.00 in Rule 37 sanctions to plaintiff's counsel no later than ten (10) days from the date of this order. Failure to comply will result in defendant's answer being stricken and default judgment entered.

Dated: October 23, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 johnson2554.sanc